IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DORIOUS TAYLOR,**
**A# 034-305-051,**

 Petitioner,

vs.           Case No. 4:19cv476-WS/CAS

**DEPARTMENT OF**
**HOMELAND SECURITY,**

 Respondent.
_____/

## REPORT AND RECOMMENDATION

 The pro se Petitioner initiated this case on September 26, 2019, by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner alleged he had been detained "under ICE custody" since August of 2018, and his signature block at the end of the petition indicated he was held at the Wakulla County Jail. ECF No. 1 at 1, 6. Petitioner did not, however, file a motion seeking leave to proceed in forma pauperis, nor did Petitioner pay the $5.00 filing fee to proceed with this case. An Order was entered directing Petitioner to do one or the other by **November 12, 2019**, to proceed with this case. ECF No. 4.

Notably, when a new case is opened in this Court by a pro se litigant, the Clerk's office immediately sends a "notice" to provide relevant information about procedures in this Court.  ECF No. 2.  By the time that Order was entered, ECF No. 4, the docket already revealed that the notice sent to Petitioner was returned to the Court as "undeliverable" on October 8, 2019.  ECF No. 3.  It is unknown why it was returned because, as of the date that Order was entered, the United States Immigration and Customs Enforcement website listed Petitioner's detention location as the Wakulla County facility.  The Clerk's Office was required to once again mail the notice to Petitioner with the Order requiring Petitioner to either pay the filing fee or file an in forma pauperis motion.  ECF No. 4.

On October 23, 2019, mail was again returned to this Court as "undeliverable."  ECF No. 5.  The stamp advised only "No Longer Here."  *Id.*  Nothing further has been received from Petitioner and the Court cannot continue this case if orders cannot be delivered to Petitioner.  Accordingly, it is **recommended** that this case be dismissed without prejudice.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on November 21, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**